IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    *Plaintiff,*

v.                                                      Civ. No. 12-548

$43,000.00 IN UNITED STATES CURRENCY,

    *Defendant,*

and

MIKHEIL POGOSOV,

    *Claimant.*

**VERIFIED COMPLAINT FOR FORFEITURE *IN REM***

Plaintiff states:

### JURISDICTION AND VENUE

1.    This is a civil action *in rem* for forfeiture of Defendant property which has been located and will be arrested by execution of a Warrant for Arrest in the District of New Mexico; and during the pendency of this action Defendant, or its equivalent or proceeds thereof, will be subject to the jurisdiction of this Court.

2.    The United States District Court for the District of New Mexico has exclusive, original jurisdiction under 28 U.S.C. §§ 1345, 1355 and 1356.

3.    Venue is proper under 28 U.S.C. §§ 1355 and 1395.

4.    The "res" or property which is the subject of this action consists of Forty-Three Thousand ($43,000.00) in U.S. Currency (hereafter referred to as "Defendant Currency").

## PARTIES AND CLAIMANTS

5.     The following persons may claim an interest in Defendant Currency:

(a).    Mikheil Pogosov at 5423 Harold Way Apt. 102, Los Angeles, CA 90027, whose attorney is Geoffrey G. Nathan, Esq., 132 Boylston Street Fifth Floor, Boston, MA 02116-4606.

## FACTS

The circumstances from which the claim for forfeiture of Defendant Currency arise are:

6.     On February 15, 2012, Drug Enforcement Administration (DEA) Special Agent Jarrell W. Perry conducted a consensual encounter with Mikheil Pogosov on an Amtrak train westbound from Chicago, Illinois, to Los Angeles, California, during a regularly scheduled stop in Albuquerque, New Mexico.

7.     Agent Perry boarded the train, approached Pogosov, displayed his DEA badge to Pogosov, and identified himself as a police officer. Agent Perry requested and received consent from Pogosov to speak with him. Pogosov handed Agent Perry a one-way paper Amtrak ticket with "cash" written in ink on the front. Agent Perry knew from his training and experience this meant that Pogosov paid cash to the conductor of the Amtrak train and that he boarded at an unstaffed Amtrak train station. Pogosov said he started his trip in Alliance, Ohio, and lived in California.

8.     Agent Perry requested and receive consent from Pogosov to search his carry-on black bag for contraband. The black bag contained several rubber-band wrapped bundles of U.S. currency in the bottom of the bag and several rubber-band wrapped bundles of U.S. Currency concealed inside a small gift bag.

9. Agent Perry knew from his training and experience that the packaging of the U.S. currency was consistent with packaging of U.S. currency involved in illegal narcotics trafficking. Pogosov said that the U.S. Currency belonged to him and it was approximately $40,000 plus or minus $3,000.

10. Pogosov stated as follows: the currency was his savings from working for six years plus $10,000 he had saved from his previous job. Pogosov carried the money with him and did not put it in his bank account to avoid collections because he had bad credit and no credit cards. He transported the currency with him to Ohio when he traveled one-way via airlplane. He did not leave the currency in Los Angeles because he did not believe the currency was safe inside his residence there. He kept the money with him at all times, and leaves it in the car while he works as a security guard at Snooky's Night Club in Mohave Desert. He was visiting friends with whom he used to stay as a foreign exchange student in Canton, Ohio, for a month and a half for the holidays, and had boarded the train in Alliance, Ohio.

11. Agent Perry seized the U.S. Currency, which totaled $43,900.

12. New Mexico State Police Officer Arcenio Chavez deployed his trained and certified drug detection canine on the $43,900. The canine alerted positively for the odor of illegal controlled substance on the currency.

13. Pogosov had no documentation with him showing the source of the currency.

14. Pogosov filed an administrative claim for $43,000 out of the $43,900.

### CLAIM FOR RELIEF

15. Defendant Currency is subject to arrest and forfeiture to Plaintiff under

21 U.S.C. § 881(a)(6) because it was furnished, or intended to be furnished, in exchange for a controlled substance, or constitutes proceeds traceable to such an exchange, or was used or intended to be used to facilitate a violation of the Controlled Substances Act.

16. Defendant Currency is subject to arrest and forfeiture to Plaintiff under 18 U.S.C. § 981(a)(1)(C) because the currency constitutes or is derived from property traceable to a violation of 18 U.S.C. § 1952.

WHEREFORE: Plaintiff seeks arrest of Defendant Currency and forfeiture of same to Plaintiff, determination of the validity and priority of claims of the Claimants and any Unknown Claimants to the Defendant Currency, costs and expenses of seizure and of this proceeding, and other proper relief.

Respectfully submitted,

KENNETH J. GONZALES
United States Attorney

CYNTHIA L. WEISMAN
Assistant U.S. Attorney
P.O. Box 607
Albuquerque, NM 87103-0607
(505) 346-7274

### 28 U.S.C. § 1746 DECLARATION

I am a Special Agent with the Drug Enforcement Administration who has read the contents of the Complaint for Forfeiture *In Rem* to which this Declaration is attached; and the statements contained in the complaint are true to the best of my knowledge and belief.

I declare under penalty of perjury and the laws of the United States of America that this Declaration is true and correct, except as to matters stated on information and belief, and as to those matters I believe them to be true.

Dated: 05-19-2012

Jarrell W. Perry, Special Agent
Drug Enforcement Administration